UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIJUANA L. CANDERS,

                       Plaintiff,

           -against-

R. NEGRON; CAREEN SIMEON;
CATHOLIC GUARDIAN SERVICES,

                   Defendants.

20-CV-5347 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. She alleges that Defendants have denied her the right to participate in her minor child's education, and she seeks this Court's intervention in an ongoing Kings County Family Court matter. By order dated August 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

This action arises out of Plaintiff's custody of her minor children and her involvement in

the public education of one of her children. She names as Defendants Catholic Guardian Services

(CGS); R. Negron, a caseworker at CGS; Careen Simeon, a supervisor at CGS; and M. Legree,

an employee at the Brooklyn office for the Administration of Children's Services (ACS) for the

City of New York. Plaintiff currently resides in Yonkers, New York, although she previously

lived in Brooklyn and Georgia.

The following facts are taken from the complaint, which is somewhat confusing as to its

chronology: "In February 2020, the State of New York came and got my children, although they

2

were stable, and were not residents of New York, taking them in the middle of a COVID-19

pandemic." (ECF No. 2, at 9.) At some point after this event, Plaintiff's two minor children, one

who is autistic, were assigned caseworkers. One of those caseworkers, Defendant CGS

Caseworker Negron, "belittled me verbally, manipulatively lied to the charge nurse that he did

not know my whereabouts in order to have consent forms sent to me for my daughter['s] care."

(*Id.*) After Plaintiff confirmed her address with Negron, he still failed to send her the forms, and

as a result, Plaintiff's daughter "is not receiving proper care." (*Id.* at 10.)

> On June 10, 2020, Negron asked Plaintiff if she

> would turn over my right to participate in a conference call on video conference
> regarding [her] autistic daughter's testing and revisement [sic] of her IEP
> [Individualized Education Plan] of which I [am] entitled to regardless of an order
> of protection which was not for violence but because Ms. Legree gave me
> permission to leave the state of New York to occupy my apartment.

(*Id.*) In fact,

> Ms. Legree [had] informed me that I could leave the State of New York with my
> two youngest [children] because she had already verified that I had an apartment
> in South Carolina approved. . . .  Instead Ms. Legree 6 months after the fact went
> back into court to get an order [of] protection against me although I was no where
> in New York but in my apartment in Stockbridge, GA . . . and both of my children
> . . . were enrolled in school.

(*Id.* at 8.)

For relief, Plaintiff asks this Court "to allow the court case in the Family Brooklyn Court

to be transferred [here] . . . in order for [Plaintiff] to have a fair trial & hearings, for Mr. Negron's

and Ms. Legree's behaviors to be questioned and investigated, and for the protection order to be

lifted." (*Id.* at 11.)

## DISCUSSION

**A.    The Court denies Plaintiff's request that this Court intervene in her state-court matter**

The Court construes Plaintiff's request that this Court "transfer" her ongoing state-court proceeding to this Court as a request for this Court to intervene in her Kings County Family Court matter. The Court denies the request under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Disability Rights New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)). *Younger* abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

In *Sprint*, the Supreme Court suggested that family court abuse and neglect proceedings are barred by the *Younger* abstention doctrine because they are a type of state-initiated civil enforcement proceedings that are "akin to [] criminal prosecution." *See Sprint*, 134 S. Ct. at 592 (citing *Moore v. Sims*, 442 U.S. 415, 419-420 (1979)); *see also Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) (summary order) (noting that the Supreme Court placed "a state-initiated proceeding to gain custody allegedly abused by their parents" in the second *Sprint* category).

Plaintiff seeks federal intervention into her ongoing state-court matter in Kings County Family Court, which involves an order of protection against Plaintiff. As Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to this pending state-court

4

matter, the Court will not intervene in the proceeding and dismisses, under *Younger*, any claims

for injunctive relief.

**B.      The Court transfers Plaintiff's claims brought against Legree to the Eastern District of New York**

Because Plaintiff invokes this Court's federal question jurisdiction, the Court construes

the complaint as asserting a claim under 42 U.S.C. § 1983.

Plaintiff alleges that ACS employee Legree sought an order of protection against Plaintiff

regarding her two minor children, even though Plaintiff lived in Georgia and her children were

enrolled in school.[1] The Court construes this allegation as asserting a malicious-abuse-of-process

claim[2] and transfers this claim under 28 U.S.C. § 1404 to the United States District Court for the

Eastern District of New York.

> Under the general venue provision, a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. 28 U.S.C. § 1391(c)(1). Because Plaintiff does not allege whether Legree

resides in this District, it is unclear whether venue is proper here under § 1391(b)(1).

---

[1] Plaintiff does not state whether her children were enrolled in school in Georgia or New York.

[2] In New York, a plaintiff may state a malicious-abuse-of-process claim "against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id.* at 76.

Even if venue were proper here, however, the Court may transfer claims "[f]or the

convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

"District courts have broad discretion in making determinations of convenience under Section

1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H.*

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases

on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the

burdens of litigation that is unrelated to the forum that a party chooses are not imposed

unreasonably on jurors and judges who have enough to do in determining cases that are

appropriately before them. The power of district courts to transfer cases under Section 1404(a)

*sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No.

03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

*Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C.

§ 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See*

*Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer of Plaintiff's claims brought against Legree appear to be

appropriate because the underlying claims occurred in Kings County, which falls within the

Eastern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Eastern

District of New York under 28 U.S.C. § 1391(b)(2). Based on the totality of the circumstances,

the Court concludes that it is in the interest of justice to transfer Plaintiff's claims against Legree

to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

**C.      The Court dismisses Plaintiff's claims against GSC, Negron, and Simeon**

A claim for relief under § 1983 must allege facts showing that each defendant acted under

the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private

parties are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d

Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

(2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he

United States Constitution regulates only the Government, not private parties.").

CGS is a private organization.[3] A private entity's activity can be attributed to the

government in only three situations: (1) the entity acts using the coercive power of the state or is

controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint

activity with the state or its functions are entwined with state policies (the "joint action" or "close

nexus" test); or (3) the state has delegated a public function to the entity (the "public function"

---

[3] According to CGS's website, it is a "human services organization."
https://www.catholicguardian.org/history. Generally, courts may take judicial notice of publicly
available terms, including from a website. *See Force v. Facebook, Inc.*, 934 F.3d 53, 60 (2d Cir.
2019) (citing *23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir.
2012) (taking judicial notice of content of website whose authenticity was not in question)).

test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under

each test is whether the private entity's challenged *actions* are "fairly attributable" to the

government. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Here, Plaintiff fails to allege any facts suggesting that CGS, Negron, and Simeon acted

under color of state law. Plaintiff alleges that Negron asked her not to appear by videoconference

at a meeting concerning her daughter's IEP and failed to provide her forms concerning the IEP.

These two allegations cannot fairly be attributable to the state. Thus, as Defendants CGS,

Negron, and Simeon are private parties who do not work for any state or other government body,

and Plaintiff has not alleged facts sufficient to show that they were acting under color of state

law in their interactions with her, the Court dismisses Plaintiff's § 1983 claims against these

defendants for failure to state a claim.

**D.     The Court grants Plaintiff leave to file an amended complaint to assert a claim
under the Individuals with Disabilities in Education Act (IDEA)**

Because Plaintiff alleges that her daughter is not "receiving proper care" and refers to her

daughter's IEP, the Court construes the complaint as asserting a claim under the Individuals with

Disabilities in Education Act (IDEA), 20 U.S.C. §§ 1400-1414. The IDEA requires school

districts to provide a "free and appropriate public education" to all of its students with

disabilities. § 1400(d)(1)(A). The "IDEA requires school districts to develop an IEP for each

child with a disability, *see* §§ 1412(a)(4), 1414(d), with parents playing 'a significant role' in this

process," *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 524 (2007)

(quoting *Schaffer v. Weast*, 546 U.S. 49, 53, (2005)). Thus, parents possess rights under the

IDEA. *Id.*

If a parent believes that the state is not providing a free and appropriate education for her

child, "the parent may file a due process complaint that challenges the appropriateness of the IEP

8

and attend a hearing before an IHO [independent hearing officer]." *F.C. v. New York City Dep't of Educ.*, No. 15-CV-6045, 2016 WL 8716232, at \*4 (S.D.N.Y. Aug. 5, 2016) (citing 20 U.S.C. § 1415(f);

 N.Y. Educ. Law § 4404(1))). The parent may appeal the IHO's decision to a state review officer (SRO). *Id.* (citing 20 U.S.C. § 1415(g); N.Y. Educ. Law § 4404(2))). An appeal from the SRO's decision may be brought as a civil action in federal or state court. *Id.* (citing 20 U.S.C. § 1415(i)(2)(A); N.Y Educ. Law § 4404(3))).

Before bringing an action in state or federal court under the IDEA, parents are required to exhaust state hearing and review procedures. *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004) ("It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court."). But a parent who can show that exhaustion would be futile may proceed in federal court without exhausting her claims. *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) (noting that the IDEA's exhaustion requirement "does not apply 'in situations in which exhaustion would be futile'" (quoting *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 488 (2d Cir. 2002))).

Here, Plaintiff does not allege enough facts to suggest that her daughter's school district has not provided a free and appropriate public education. She also does not allege any facts suggesting that she has exhausted her remedies or that exhaustion would be futile. The Court therefore grants Plaintiff leave to file an amended complaint within sixty days of the date of this order to address these deficiencies. In Plaintiff's amended complaint, she is must name the school district in which her daughter is currently attending school. The Court notes that if her

daughter is attending a school outside of this District, the Court may transfer this claim to the district in which the school district is located.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to name the school district in which her daughter attends school and to detail her claims under the IDEA. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. Plaintiff is granted leave to file an amended complaint in support of her claims under

the IDEA. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within

sixty days of the date of this order, caption the document as an "Amended Complaint," and label

the document with docket number 20-CV-5347 (LLS). An Amended Complaint form is attached

to this order. No summons will issue at this time. If Plaintiff fails to comply within the time

allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed

for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to (1) transfer Plaintiff's claims brought against M. Legree

to the United States District Court for the Eastern District of New York, *see* 28 U.S.C. § 1404(a);

and (2) dismiss Legree from this action without prejudice to Plaintiff's suit in the Eastern

District.

The Court dismisses from the action Defendants Catholic Guardian Services, Negron,

and Simeon. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the current global health crisis, parties proceeding *pro se* are encouraged to

submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also

are encouraged to consent to receive all court documents electronically. A consent to electronic

service form is available on the Court's website. *Pro se* parties who are unable to use email may

submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in

Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information,

11

including instructions on this new email service for *pro se* parties, please visit the Court's

website at nysd.uscourts.gov.

SO ORDERED.

Dated: August 14, 2020
New York, New York

Louis L. Stanton
U.S.D.J.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name            Middle Initial        Last Name

_____

Street Address

_____

County, City                        State                  Zip Code

_____

Telephone Number                    Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Page 4

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.